In the Supreme Court of Georgia

Decided December 4, 2017

S17Y1470. IN THE MATTER OF MICHAEL BERNARD KING.

PER CURIAM.

The Court having reviewed the Notice of Compliance submitted by the Office of the General Counsel of the State Bar of Georgia, and it appearing that Michael Bernard King has appeared for and received a public reprimand as ordered by this Court (see *In the Matter of Michael Bernard King*, 301 Ga. 791 (804 SE2d 116) (2017)), it is hereby ordered that Michael Bernard King be reinstated to practice law in the State of Georgia.

Reinstated. All the Justices concur.

S17Y1470. IN THE MATTER OF MICHAEL BERNARD KING.

PER CURIAM.

This disciplinary matter is before the Court on the Notice of Discipline filed by the State Bar on April 18, 2017, which notice seeks the imposition of a Review Panel reprimand on respondent Michael Bernard King (State Bar No. 421140). The Investigative Panel had originally decided to impose on King, who has been a member of the Bar since 1990, an Investigative Panel reprimand in connection with this matter, but King failed to appear to receive that sanction, and failed to explain his failure to appear, which led to the Investigative Panel's decision to issue the April 18 Notice of Discipline. King was served with this new Notice of Discipline on April 28, 2017 at the address on file with the Bar's Membership Department, but he failed to file a Notice of Rejection as to the April 18 Notice of Discipline. In light of King's failure to file a Notice of Rejection, the Bar has moved this Court to find King in default, and the record reflects that he is in default, has waived his rights to an evidentiary hearing, and is now subject to such discipline and further proceedings as may be determined

by this Court.  See Bar Rule 4-208.1 (b).

The facts, as contained in the State Bar's Notice of Discipline and deemed admitted by virtue of King's default, show that King represented a client in a personal injury suit in her capacity as representative of her mother's estate against a transportation service company, but the trial court dismissed the action filed by King on his client's behalf.  Following this dismissal, King repeatedly failed to properly advance the client's appeal, including by failing to file the requisite transcript, resulting in the trial court's dismissal of the appeal and imposition of attorney fees against King.  King appealed the dismissal of the appeal, but the Court of Appeals dismissed that appeal for failure to pay costs or provide sufficient evidence of his client's indigence.  Based on this conduct, the Investigative Panel concluded that King had violated Rules 1.2, 1.3, and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment, while the maximum sanction for a violation of Rule 3.2 is a public reprimand.  The Bar notes in mitigation that King has no prior disciplinary history and cites in aggravation King's unexplained failure to appear to receive the Investigative Panel reprimand that was originally to be imposed.  King has not responded to

the Bar's filings in this Court.

Having reviewed the record, we conclude that, for King's violations of Bar Rules 1.2, 1.3, and 3.2, a public reprimand and suspension from the practice of law until such time as King appears for that reprimand to be administered, are the appropriate sanctions in this matter. See Bar Rule 4-102 (b) (2) (suspension until satisfaction of certain conditions); see also, e.g., In the Matter of Goodnight, 297 Ga. 651 (777 SE2d 250) (2015) (in contempt action, suspension until respondent appeared for review panel reprimand); In the Matter of Sheplock, 253 Ga. 293 (319 SE2d 457) (1984) (public reprimand and suspension until restitution made). Accordingly, this Court hereby orders that King be administered a public reprimand pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c). King shall be suspended from the practice of law until such time as he appears for and is administered the public reprimand. See Bar Rule 4-102 (b) (2) and 4-220 (a). Once King satisfies this requirement, he may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has done so. If the State Bar agrees, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. King is reminded of his duties under Bar Rule 4-219 (c).

Public reprimand and suspension until reprimand administered. All the Justices concur.

Decided August 14, 2017.

Public reprimand and suspension.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

4